UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARLA RENEE FREEMAN,<br><br>Plaintiffs,<br><br>v.<br><br>TD BANK et al.,<br><br>Defendants. | Civil Action No. 22-7209 (RK) (RLS)<br><br>**MEMORANDUM OPINION** |

**THIS MATTER** comes before the Court upon Plaintiff Garla Renee Freeman's ("Plaintiff") application to proceed *in forma pauperis*, together with Plaintiff's Complaint against a number of Defendants.[1] (ECF Nos. 1, 1-3). For the reasons explained below, Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; however, Plaintiff's Complaint is **DISMISSED** without prejudice. Plaintiff will have thirty (30) days to file an amended complaint.

I.   **BACKGROUND**

The following facts are derived from Plaintiff's Complaint and accepted as true only for purposes of screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2).[2] Between November 2020 and February 2021, Plaintiff alleges that three million dollars were stolen from her home that

---

[1] Plaintiff named TD Bank, Wells Fargo Bank, N.A., the Trenton Police Department, Terrence Gilliam, Jamar Gilliam, Tameka Gilliam Wright, Melissa Genovay Gilliam, Yameeka Gilliam, Capital Health, Weichert, PNC Bank, Chase Bank, and the Trenton Division of Taxation as Defendants in her Complaint. The Court will refer to these individuals and entities collectively as "Defendants."

[2] While the Court is to interpret allegations in a *pro se* Plaintiff's complaint liberally, *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013), the Court need not accept all allegations as true, including those that lack all plausibility or believability. *See Degrazia v. F.B.I.*, No. 08-1009, 2008 WL 2456489, at *3 (D.N.J. June 13, 2008), *aff'd*, 316 F. App'x 172 (3d Cir. 2009) (noting that the Court "need not credit bald assertions or legal conclusions" or allegations "involv[ing] fantastic factual scenarios lacking any arguable factual or legal basis" or that "surpass all credulity." (citations and quotation marks omitted)).

she shared with her father, Garland Freeman. ("Compl.," ECF No. 1 at *5; ECF No. 1-2 at 4.)[3] Plaintiff alleges that Defendants Jamar Gilliam, Tameka Gilliam Wright, and Terrance Gilliam stole the money from their home. (Compl. at 5.) In addition, Plaintiff avers that certain Defendants, including Tameka Wright, withdrew money from her father's bank account at Wells Fargo. (ECF No. 1-2 at 2.) Because the money was stolen, Plaintiff claims she and her father could not pay the mortgage on their house, leading Defendant Wells Fargo to foreclose upon the house, which Defendant Weichert thereafter sold. (*Id.*)

Plaintiff claims that she "saw the defendants stealing from the home" numerous times. (*Id.* at 3.) However, Plaintiff could not alert the police because "the police were in cahoots with the criminals." (*Id.*) In addition, Plaintiff claims that Defendants Wells Fargo and PNC Bank committed "hate crimes" against her and her father and did not allow them to withdraw money from their accounts. (*Id.* at 5–6.) Finally, Defendant Capital Health allegedly forced her father into a nursing home and a hospital, which enabled certain defendants to access his home to steal Plaintiff and her father's money. (*Id.* at 7.) Plaintiff filed suit on December 7, 2022. (ECF No. 1.)

## II.  **LEGAL STANDARD**

### A.  *In Forma Pauperis*

Under 28 U.S.C. § 1915, a plaintiff may proceed *in forma pauperis*, which allows the plaintiff to bring a civil suit without paying a filing fee. The Court engages in a two-step analysis when considering IFP applications: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse,* No. 23-3553, 2023 WL

---

[3] The Court refers to page numbers in the Complaint by ECF header and denotes such references with an asterisk.

5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)); *West v. Cap. Police*, No. 23-1006, 2023 WL 4087093, at *2 (D.N.J. June 20, 2023) ("Once an application to proceed *in forma pauperis* has been granted, the Court is required to screen the complaint and dismiss the action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards.").

Section 1915(a) requires a Plaintiff to submit "an affidavit stating all income and assets, the plaintiff's inability to pay the filing fee, the 'nature of the action,' and the 'belief that the [plaintiff] is entitled to redress.'" *Martinez v. Harrison*, No. 23-3513, 2023 WL 5237130, at *1 (D.N.J. Aug. 15, 2023) (alteration in original) (quoting § 1915(a)). In screening a complaint under § 1915(e), the Court may dismiss the complaint *sua sponte* "if the complaint is frivolous, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are immune from such relief." *Id.* at *1. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

B.  **Rule 8's Pleading Requirements**

Federal Rule of Civil Procedure 8 sets forth the general rules of pleading. Fed. R. Civ. P. 8. The Rule requires a Complaint to have: "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction;" "a short and plain statement of the claim showing that the pleader is entitled to relief;" and "a demand for the relief sought;" and "allegations [that are] simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). These requirements apply to *pro se* litigants and should provide a defendant with notice of a claim against them. *Archie*, 2023 WL 5207833, at *2 (citations omitted).

Procedural rules, however, should be applied "flexibl[y]" to *pro se* plaintiffs. *Mala*, 704 F.3d at 244. This accommodation is "driven by the understanding that '[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Higgs v. Attorney Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006)).

However, a plaintiff's *pro se* status does not permit her to ignore the requirements of the federal rules or the purposes they serve. "[A] litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted). Even a *pro se* plaintiff must "allege sufficient facts in [the] complaint[ ] to support a claim." *Mala*, 704 F.3d at 245 (citation omitted). Defendants hauled into court by a *pro se* plaintiff still need "fair notice" of the claims they will be expected to answer. *Twombly*, 550 U.S. at 555.

### C.     Subject Matter Jurisdiction

Federal courts are courts of limited, not general jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541–42 (1986). A district court must have subject matter jurisdiction through "power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). There are two types of subject matter jurisdiction: jurisdiction based on diversity of citizenship and jurisdiction based on a federal question raised in the case. Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the matter "is between citizens of different States." 28 U.S.C. 1332(a)(1). The party asserting diversity jurisdiction bears the burden of proof. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Samuel–Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). A party

meets this burden by proving diversity jurisdiction by a preponderance of the evidence. *McNutt,* 298 U.S. at 189. Federal question jurisdiction exists when a plaintiff asserts a claim "arising under the constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law within the meaning of section 1331 when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (citation omitted); *see also Trent Realty Assoc. v. First Fed. Sav. & Loan Ass'n. of Phila.*, 657 F.2d 29, 33 (3d Cir. 1981) (citation omitted) ("The federal question must appear on the face of a well-pleaded complaint.")

A district court must presume that it lacks jurisdiction over a matter unless jurisdiction is shown to be proper. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Moreover, a Court may raise the issue of its own subject matter jurisdiction *sua sponte* at any time. *Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995) ("federal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte*"). It is well settled that if a court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003); *Ben-Haim v. Neeman*, 543 F. App'x 152, 154 (3d Cir. 2013). As Plaintiff is proceeding *pro se*, the Court construes the allegations in the Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala*, 704 F.3d at 244–45).

### III. DISCUSSION

#### A. *In Forma Pauperis* Application

The Court grants Plaintiff's application to proceed *in forma pauperis*. In her application, Plaintiff states that she has monthly income of $872.00 from disability payments and has $10.00 in a checking account. Plaintiff's monthly expenses total $1,200.00, including $300.00 in food expenses and $200.00 in medical and dental expenses. Upon review, the Court believes that Plaintiff has pled her circumstances with sufficient particularity to grant Plaintiff's application to proceed *in forma pauperis*.

#### B. Review of Complaint

Following review of Plaintiff's IFP application, the Court next screens the Complaint. Upon review, the Court finds Plaintiff's complaint does not adhere to the pleading standards of Rule 8. Further, the Complaint fails to establish that the Court has subject-matter jurisdiction over the dispute. First, Plaintiff's Complaint relies at least in part upon harm allegedly suffered by her father, Garland Freeman. Even under any semblance of liberality, the Court is in the impossible position of attempting to determine whether Garland Freeman, the subject of many of the factual allegations, is a party to the lawsuit. While the case caption contains both Plaintiff's and her father's names, Plaintiff only listed herself as the "Plaintiff" in the "Parties in this complaint" section of the lawsuit. (Compl. at *1.) In addition, she is the only person to sign the Complaint.[4] However, many of the key allegations concern Garland Freeman and the harm he allegedly suffered at the hands of Defendants.

---

[4] The Court also notes that Plaintiff only submitted one IFP on behalf of herself. If Plaintiff and Garland Freeman are co-Plaintiffs, Garland Freeman would need to submit his own IFP application. *See Gary v. Albino*, No. 10-886, 2010 WL 2546037, at *2 (D.N.J. June 21, 2010) (noting that separate plaintiffs were required to each submit an IFP application).

Moreover, the Complaint fails to adhere to the "'plain' statement requirement, which prompts [the Court] to ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019) (quoting *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019)). At most, Plaintiff appears to allege violations of theft under New Jersey state law against the individual defendants. Plaintiff alleges that the Trenton police "are in cahoots with the criminals" but fails to provide any facts to support this allegation. Moreover, Plaintiff does not specify or provide sufficient facts for the Court to understand the claims against the remaining defendants. With regard to the bank Defendants, Plaintiff may be trying to assert claims for aiding and abetting a crime, but there are no facts under which the Court can reasonably decipher the Complaint. Plaintiff's Complaint appears to allege that the hospital also aided and abetted or falsely imprisoned her father, but again, the Complaint fails to provide any factual support for these claims. Finally, Plaintiff perhaps brings a claim for common law conversion against Defendant Weichert, but the same deficiencies persist.

By failing to make clear whether Plaintiff sues on behalf of herself or both her and her father and to factually elucidate her allegations, Plaintiff fails to provide "defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." *Smith v. Borow*, No. 19-8553, 2022 WL 1519222, at *3 (D.N.J. May 13, 2022) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

C. **Subject Matter Jurisdiction**

In addition, the Court finds that Plaintiff's Complaint fails to establish either diversity or federal question jurisdiction. Accordingly, it is appropriate to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

Plaintiff's Complaint indicates that the basis for jurisdiction is U.S. Government Plaintiff. (Compl. at *2.) However, Plaintiff is not the U.S. Government. Moreover, none of the Defendants are the U.S. Government.

In addition, neither diversity nor federal question jurisdiction, although not invoked, are available to Plaintiff here. First, Plaintiff bears the burden of establishing the parties' diversity of citizenship. *See Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016). Complete diversity between Plaintiff and Defendant is required to establish jurisdiction pursuant to 28 U.S.C. § 1332. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (recognizing as well-established that Section 1332 "require[es] complete diversity between all plaintiffs and all defendants," which means that "unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant'" (quotations omitted)). Here, Plaintiff sues a number of individuals and businesses. Not only does Plaintiff fail to plead necessary facts to determine the business defendants' citizenships for diversity jurisdiction, including their respective principal places of business and states of incorporation, Plaintiff states that the individual defendants are all domiciled in and citizens of New Jersey. (Compl. at *2.) Plaintiff herself is a citizen of New Jersey. (*Id.* at *1.) As such, there is not complete diversity among the parties. Therefore, the Court cannot exercise diversity jurisdiction.

Nor does a basis for federal question jurisdiction appear on the face of Plaintiff's Complaint. Plaintiff does not check the box for Federal Question as being the basis for jurisdiction and does not provide any answer to the following question: "If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue?" (Compl. at *2.) Plaintiff does not allege that Defendants violated the United States Constitution or any federal statute or treaty, let alone provide a cause of action. At most, construing Plaintiff's Complaint liberally, the

Court believes Plaintiff intends to bring a cause of action for theft or conversion. As such, there is no basis to find that federal law creates a cause of action for the alleged violations described in the Complaint. Therefore, the Court lacks federal question jurisdiction to hear the dispute.

Accordingly, the Court finds that it lacks subject matter jurisdiction over this case. The Complaint, therefore, is dismissed without prejudice. Plaintiff may file an amended complaint within thirty (30) days correcting the defects identified in this Opinion and establishing the Court's jurisdiction to hear the dispute.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; however, her Complaint is **DISMISSED** without prejudice. Within thirty days, Plaintiff may file an amended complaint. An appropriate Order will accompany this Opinion.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

Dated: November 1, 2023