NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GARLA RENEE FREEMAN, *et al.*,

Plaintiffs,

v.

TD BANK, *et al.*,

Defendants.

Civil Action No. 22-7209 (RK) (RLS)

**MEMORANDUM ORDER**

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon *pro se* Plaintiff Garla Renee Freeman's ("Plaintiff") filing of an Amended Complaint. ("AC," ECF No. 13.) The Court previously granted Plaintiff's application to proceed *in forma pauperis*, but dismissed her initial Complaint (ECF No. 1) without prejudice pursuant to 28 U.S.C. § 1915(e)(2). (ECF No. 9.) Because Plaintiff proceeds *in forma pauperis*, the Court now undertakes a *sua sponte* screening of her Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2). *See In re Wolf*, 696 F. App'x 599, 600 (3d Cir. 2017) (directing the district court "to screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) before issuing any summonses"). For the reasons set forth below, the Court **DISMISSES** the Amended Complaint without further leave to amend.

I.   **BACKGROUND**

Plaintiff, proceeding *pro se*, initially filed a Complaint against a litany of Defendants: Jamar Gilliam, Tameka Gilliam Wright, Melissa Genovay Gilliam, Yameeka Gilliam, Terrence Gilliam (collectively, the "Gilliam Defendants"), the Trenton Police, "City Hall," Capital Health, Weichert, Wells Fargo, PNC Bank, TD Bank, and Chase Bank (collectively with the Gilliam

Defendants, "Defendants"). (ECF No. 1 at *1.)[1] Plaintiff alleged that between November 2020 and February 2021, the Gilliam Defendants removed "three million dollars" in inheritance money from her home in Trenton, New Jersey that was "shared" by her and her father, Garland L. Freeman. (*Id.* at *5; ECF No. 1-2 at *1.) Plaintiff further alleged the Gilliam Defendants "placed [the $3,000,000] into one of the banks or their home." (ECF No. 1 at *5.) She sought the "return [of] [her] and [her] father's money . . ." (*Id.* at *6.)

With her Complaint, Plaintiff submitted an "Important Passage," (ECF No. 1-2), detailing several further allegations against Defendants, including that the Gilliam Defendants stole money from a Wells Fargo checking account (*id.* at *2), the Gilliam Defendants stole keys to Plaintiff's home (*id.* at *3), Defendants Wells Fargo and PNC Bank committed "hate crimes" against her and her father by refusing to allow them to withdraw money from their bank accounts (*id.* at *5–6), and Defendant Capital Health allegedly forced Plaintiff's father into a nursing home and hospital, enabling other Defendants to access his home and steal money (*id.* at *7).

On November 1, 2023, the Court granted Plaintiff's application to proceed *in forma pauperis* (ECF No. 9 at 6), but dismissed her Complaint on the grounds that the Complaint (i) failed to establish this Court's subject matter jurisdiction over the dispute, (ii) failed to make clear whether the Complaint was brought on behalf of only Plaintiff or Plaintiff and her father, and (iii) failed to "factually elucidate her allegations" in conformance with Federal Rule of Civil Procedure 8. (*Id.* at 6–9.)

Thereafter, Plaintiff filed an Amended Complaint that the Court now screens pursuant to 28 U.S.C. § 1915(e)(2). The Amended Complaint is signed by both Plaintiff and her father,

---

[1] Pin-cites preceded by an asterisk refer to the page numbers in the CM/ECF header.

Garland Freeman,[2] and posits the basis for federal jurisdiction is a "federal question[]" related to 18 U.S.C. § 103 which "includes 18 U.S.C. [§] 2112." (*Id.* at *1–2.)

II. **LEGAL STANDARD**

A. IN FORMA PAUPERIS

Pursuant to 28 U.S.C. § 1915(e), the District Court may dismiss a case proceeding *in forma pauperis* "at any time" if the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). While the statute "is designed to ensure that indigent litigants have meaningful access to the federal courts," *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)), the Court's *sua sponte* screening power guards against potential "abuse" of "cost-free access to the federal courts," *id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 29 (1992)).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). A court must be mindful to hold a *pro se* plaintiff's complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

B. SUBJECT MATTER JURISDICTION

Federal courts are courts of limited, not general, jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541–42 (1986). A district court must have subject matter jurisdiction

---

[2] The Court notes that while it is dismissing this matter, if the matter were to hypothetically proceed, Garland Freeman would have to submit his own *in forma pauperis* application, separate from his daughter's application that was already granted by this Court. (*See* ECF No. 10); *see also Gary v. Albino*, No. 10-886, 2010 WL 2546037, at *2 (D.N.J. June 21, 2010) (noting that separate plaintiffs were required to each submit an IFP application).

through "power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). There are two types of subject matter jurisdiction: jurisdiction based on diversity of citizenship and jurisdiction based on a federal question raised in the case. Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the matter "is between citizens of different States." 28 U.S.C. 1332(a)(1). The party asserting diversity jurisdiction bears the burden of proof. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Samuel–Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). A party meets this burden by proving diversity jurisdiction by a preponderance of the evidence. *McNutt*, 298 U.S. at 189. Federal question jurisdiction exists when a plaintiff asserts a claim "arising under the constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law within the meaning of section 1331 when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (citation omitted); see also *Trent Realty Assoc. v. First Fed. Sav. & Loan Ass'n. of Phila.*, 657 F.2d 29, 33 (3d Cir. 1981) (citation omitted) ("The federal question must appear on the face of a well-pleaded complaint.")

A district court must presume that it lacks jurisdiction over a matter unless jurisdiction is shown to be proper. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Moreover, a Court may raise the issue of its own subject matter jurisdiction *sua sponte* at any time. *Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995) ("[F]ederal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte*"). It is well settled that if a court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Gonzalez v.*

*Thaler*, 565 U.S. 134, 141 (2012); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003); *Ben-Haim v. Neeman*, 543 F. App'x 152, 154 (3d Cir. 2013).

### III. DISCUSSION

The Court does not have subject matter jurisdiction over this dispute as Plaintiff fails, yet again, to establish either diversity or federal question jurisdiction. While Plaintiff indicates the Amended Complaint's basis for jurisdiction is "federal questions," Plaintiff relies on two federal criminal statutes that do not provide Plaintiff with a private right of action: 18 U.S.C. § 103 and its related section, 18 U.S.C. § 2112. (*See* AC at *2.) 18 U.S.C. § 103 is entitled "Robbery and Burglary" and delineates various kinds of federal criminal robberies and burglaries, including 18 U.S.C. § 2112, which pertains to "personal property belonging to the United States." Section 2112 of Title 18 of the U.S. Code states in full: "Whoever robs or attempts to rob another of any kind or description of personal property belonging to the United States, shall be imprisoned not more than fifteen years."

However, "[a] private party may not maintain suit under most provisions of Title 18." *Lee v. Emps. of Union Twp. Mun. Ct.*, No. 17-4229, 2018 WL 1535266, at *3 (D.N.J. Mar. 28, 2018) (explaining that "Title 18 of the United States Code contains federal criminal statute[s] which for the most part 'do[ ] not create civil liability or a private right of action.'" (quoting *ManorCare of Easton PA LLC v. Estate of Nagy*, No. 12-5957, 2017 WL 4347624, at *4–5 (E.D. Pa. Sept. 29, 2017))). Indeed, at least one court in this Circuit has previously held that "there is no private cause of action" under 18 U.S.C. § 2112. *See Kinnard v. Pa. Dep't of Corr.*, No. 18-298, 2019 WL 4060922, at *7 (W.D. Pa. July 24, 2019), *report and recommendation adopted*, No. 18-298, 2019 WL 4058938 (W.D. Pa. Aug. 27, 2019). Plaintiff does not point to any other sections under 18 U.S.C. § 103 as a basis for this action—nor do the facts alleged in her Amended Complaint support

5

any. *See, e.g.*, 18 U.S.C. § 2111 (titled "Special maritime and territorial jurisdiction"); 18 U.S.C. § 2117 (titled "Breaking or entering carrier facilities"). While Plaintiff indicates on her Civil Cover Sheet that the description of her cause of action is "robbery and burglary" (*see* ECF No. 13-1), she fails to point the Court to a federal law that grants her a private right of action to bring such a claim—indeed, one does not exist. Thus, Plaintiff cannot establish federal question jurisdiction here.

For the avoidance of doubt, the Court also notes that Plaintiff does not—and cannot—establish diversity jurisdiction here pursuant to 28 U.S.C. § 1332. Plaintiff is a citizen of New Jersey, (*see* AC at *1), and at least some of the Defendants are citizens of New Jersey (*see* AC at *2 (indicating the Gilliam Defendants all reside in New Jersey)). Consequently, there is not "complete diversity" between the parties, which precludes this Court from hearing this dispute pursuant to its diversity jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (recognizing as well-established that Section 1332 "require[es] complete diversity between all plaintiffs and all defendants," which means that "unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant'" (quotations omitted)).

Therefore, because the Court lacks subject matter jurisdiction over this case, the Court will **DISMISS** the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). Further, because the "absence of subject matter jurisdiction is apparent from the face of [the] complaint, any amendment would be futile." *Roberts v. Mayor & Burgesses of London Borough of Brent*, 70 F. App'x 615, 619 (3d Cir. 2003). The Court raised its jurisdictional concerns in its Memorandum Order dismissing Plaintiff's initial Complaint, (*see* ECF No. 9), and the Amended Complaint fails to correct for those concerns. *See Monclova v. U.S. Bank Nat'l Ass'n*, No. 15-7383, 2016 WL

4260783, at *4 (D.N.J. Aug. 11, 2016), *aff'd sub nom. Monclova v. US Bank NA*, 675 F. App'x 115 (3d Cir. 2017) ("Given that the Court doesn't have subject matter jurisdiction over any of Plaintiff's claim[s], it would be futile to allow her to re-plead"). Thus, the Amended Complaint is dismissed without further leave to amend.

**THEREFORE**, it is on this 4th day of February, 2025, **ORDERED** that:

1. Plaintiff's Amended Complaint (ECF No. 13) is **DISMISSED**;
2. The Clerk of the Court shall **CLOSE** this case; and
3. The Clerk of the Court shall serve a copy of this Memorandum Order on Plaintiff by regular U.S. mail at her address on record.

                                                              _____
                                                              **ROBERT KIRSCH**
                                                              **UNITED STATES DISTRICT JUDGE**